[Civ. No. 4374. Second Appellate District, Division One.—April 15, 1925.]

## J. P. ARMSTRONG et al., Respondents, v. WALTER F. RAU et al., Appellants.

[1] APPEAL—JUDGMENT-ROLL—INADVERTENT FINDINGS — EXPLANATION OUTSIDE OF RECORD.—On an appeal presented on the judgment-roll alone, the facts (offered in explanation of the making of inadvertent findings) that the judge who tried the case had resigned and was about to retire from office, and that the findings were prepared in great haste, are outside of the record, and in no way diminish the obligation of the appellate court to decide the case upon the findings as written.

[2] ID. — FINDINGS — AMENDMENTS.—The appellate court is without power to amend the findings.

[3] FRAUD—REPRESENTATIONS AS TO ACREAGE—DAMAGES—FINDINGS— JUDGMENT.—In an action to recover damages for deceit alleged to have been practiced by defendants in making false representations as to the acreage of land and the acreage thereof planted in orange trees, accepted by plaintiffs in exchange for other property, a judgment in favor of plaintiffs for a specified sum cannot be upheld, where the appeal is on the judgment-roll alone, and the trial court, without making any statement showing the comparative values of said properties, found that had the land accepted by plaintiffs embraced the acreage and had it contained the acreage of orange trees as it was so stated and represented to plaintiffs by defendants and as the plaintiffs believed it to contain, "it would have been of the value of" said

specified sum (for which judgment was given) "no part of which has been paid to plaintiffs."

[4] ID.—DAMAGES—FINDINGS.—In such an action, it would be a miscarriage of justice to award a large amount in damages without first establishing the facts which alone would control the amount of such damages.

(1) 4 C. J., p. 553, n. 35.    (2) 4 C. J., p. 722, n. 77.    (3) 38 Cyc., p. 1974, n. 23.    (4) 17 C. J., p. 1084, n. 9.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Rush M. Blodgett and Victor T. Watkins for Appellants.

George P. Adams and W. W. Orme for Respondents.

CONREY, P. J.—This appeal is presented on the judgment-roll alone. The action was brought to recover damages for deceit alleged to have been practiced by the defendants, whereby they induced plaintiffs to accept certain real property in San Bernardino County in exchange for other property owned by the plaintiffs in Los Angeles County. The complaint, without stating the value of any of the property involved in the transaction, alleged that the defendants represented that the quantity of land conveyed by them to the plaintiffs amounted to 55 acres, of which 35 acres were in bearing navel orange trees and 10 acres were in bearing Valencia orange trees; whereas in fact the quantity of land conveyed was only 44.59 acres, of which only 24½ acres were planted to navel oranges and only 9½ acres were planted to Valencia oranges, and that there were no other orange trees on said land. The complaint then alleged that if the land and orange grove had existed in accordance with said representations "it would have been of the value of $20,000 more than it then was worth or is now worth, to plaintiffs' damage in the sum of $20,000."

The findings of fact declare that said representations were made as above stated; whereas in fact the acreage of the tract was only 44.59, of which less than 25 acres were planted to navel oranges and less than 8 acres were planted to

72 Cal. App.—19,

Valencia oranges, and that there were no other orange trees on said land.

The answer, besides denying that defendants made the alleged statements, alleged facts showing certain visits made by the plaintiffs to the land in San Bernardino County and certain investigations made by them, and denied that the plaintiffs, or either of them, relied solely or at all upon the alleged or any representations or statements of the defendants. The findings, after referring to certain visits which the plaintiffs had made to said land, state: "That it is not true that the plaintiffs or either of them made inquiry or personal investigation of said ranch except said visits, or inquired of friends or acquaintances as to the advisability of purchasing said ranch or as to the method or manner of ascertaining the size of acreage of orange ranch. And *that it is true* that the plaintiffs or either of them relied solely or entirely or at all upon their own judgment as to acreage or upon the advice of their friends or acquaintances or any of them in making the exchange for the said ranch." In another part of the findings, however, it is stated that each of the plaintiffs at the time of the transaction believed all of the said statements and representations of the defendants and relied wholly and solely thereon, and believed that the land described in said deed from the defendant to the plaintiffs embraced 55 acres of land, and that 45 acres thereof was planted in growing oranges as represented and stated by the defendants.

Upon the issue relating to the intention of the defendants to deceive, the court found that at the time of said exchange of properties, the defendants knew that said land contained only 44.59 acres, and knew that there were less than 25 acres of navel oranges and less than 8 acres of Valencia oranges thereon, and knew their said representations and statements as to acreage so made to the plaintiffs as aforesaid were false and untrue, "and *were not* made by the defendants to the plaintiffs for the purpose of deceiving or defrauding plaintiffs, but nevertheless plaintiffs were deceived and defrauded thereby, and were thereby induced to make said exchange."

Upon the issue as to damages and amount of damages sustained by reason of the alleged deceit, the court, without making any statement showing the comparative values of

said properties, or any statement of their values other than as contained in the following quotation, found as follows: "That had said land embraced 55 acres and had it contained 35 acres of navel oranges and 10 acres of Valencia oranges as it was so stated and represented to the plaintiffs by the defendants and as the plaintiffs each of them believed it to contain, it would have been of the value of $9,360.00 no part of which had been paid to the plaintiffs or either of them, or to any one for them or either of them or to or for the use of them or either of them."

It is suggested by respondents that some of the findings to which we have referred were inadvertently made. [1] In explanation thereof it is stated that the judge who tried the case had resigned and was about to retire from office, and that the findings were prepared in great haste. While these circumstances of excuse no doubt did occur, they are facts outside of the record, and in no way diminish our obligation to decide the case upon the findings as written. [2] It is conceded, as it must be, that this court is without power to amend the findings. The court awarded damages in the sum of $9,360, with interest from the date of the transfer, and it is from this judgment that the defendants appeal. [3] It is perfectly clear that the facts as found furnish no basis whatever for damages in the sum stated or in any amount. It may be that the judge intended to find that if the property conveyed to the plaintiffs had been of the quantity and in the condition represented, it would have been of a value $9,360 more than the amount that it actually was worth. But on the record we do not know that fact. This alone is a sufficient ground for reversing the judgment. [4] To the suggestion that a reversal on account of this defect would result in a miscarriage of justice, the obvious reply is that it would be a miscarriage of justice to award a large sum in damages without first establishing the facts which alone would control the amount of such damages.

There are several other questions presented in argument by counsel. For instance, it is contended by appellants that this being definitely an action at law for deceit, an intent to defraud is an essential element of the right to recover, and that as the court found that there was no intent to defraud, judgment should have been for the defend-

ants.  Also, it is contended that the judgment cannot stand because it does not appear that the quantity of land to be conveyed by the defendants constituted one of the principal conditions of the contract.  And it is further contended that the court erred in allowing interest on the principal amount of the award, from the date of the transfer.  We deem it unnecessary to attempt a decision on these questions at this time.

The judgment is reversed.

Curtis, J., concurred.